a little late we'll just take it off of your time if you don't mind no I'm kidding don't do that I think you might be familiar with our lighting system that tells you how much time you have the amber light goes on and you had a couple of minutes then when it turns red kind of finish finish your thought if we think we need more argument we might give you a little bit more time but try to stay within our time limits and the first case of the morning is United Felipe Rodriguez may please the court my name is Javier Riojas and I represent Luis Felipe Rodriguez we raised five issues on appeal I'm going to try to address three that based on my research appear to be cases of first impression in this circuit with regards to the first issue it's basically appellants contention that the government committed procedural error when it failed to not refile the notice of enhancement after the appear appointment of new counsel for the defense and the filing of succeeding indictments and we basically contend that because this court noted in Arnold and Blevins that the notice serves two purposes you have a new lawyer come into the case well the new lawyer would not have gotten the notice your honor and notices secret it's not secret it was in the file but I along with the indictments the statute says you're following information your lawyer comes in I assume that the new lawyer looks at the indictment and looks at the file I mean it's not like you didn't get notice is it well for whatever reason I missed the notice your honor and and the courts that have addressed the I I looked at the file real quickly to see what the cases were and I was served with when I was appointed I was just with the indictment that was then in in effect that can happen but that doesn't inform the adequacy of the notice by the statute what well your honor it may be ineffective assistance of counsel and and and that may may have occurred I mean but that issue is not before the court but given that I that for whatever reason I missed it the second purpose of the notice was not met in this case and I I'm not period to what conversations prior counsel had with the defendant but I know my conversations did not take that into a case into account when deciding on trial strategy or police strategy in this case no the first counsel though did make an objection to the enhancement with regard to the two convictions though so it was raised before it was it not it was raised your honor and I I I became aware of it at the time of the first sentencing when the government first raised it and I objected and there's a colloquy there that occurred and does Moses realize that that notice had been served on prior counsel and so she recessed the hearing to give new counsel an opportunity to confront the issue and the matter was reset when you did first notice it at that hearing and then she recesses when did you formally object on the ground that notice could not be done when where in the record is there other than you're saying the priors don't count when did you say well even if I know now it's too late during the during the colloquy I made the comment while the first case was in session and and the court made the comment counsel you did get notice because it was on file and and then the colloquy continued and and she realized that it had been served on first counsel and and so then she says proceedings and ordered the government to proffer the prisoners reports from the prior cases and so based on on the circumstances of this case I I know that the cases holding that it's not required look at it look to see if I guess because the the notice is similar to an indictment to give notice and and they there's cases that say that if they're and one of them is Williams that is their successive indictments a new counsel appointed the first notice may not be sufficient and that's basically the position we're taking here can you tell me again what did the Williams case the the Williams case is I guess from a sister circuit but in in that case there was a successive trial and all that but in in ruling the court looked into and made comments that if there's a succeeding superseding indictments and change in counsel then the original notice may not serve the purpose and it's basically our contention that in that in this context that's exactly what happened and so based on the the spirit of Arnold and steam this court should hold that notice was deficient and and that he couldn't be assessed a life sentence well if I had been aware I obviously would have conferred with my client to take that into account there in our decisions and I would have strenuously tried to twist his arm and convince him to to change a strategy in light of the potential life life sentence your honor was a situation though where they they offered to drop the enhancement I yes they they did make that offer but in the in the context of this case your honor well first of all the statute itself requires the notice to be served prior to entry of the guilty plea or trial in this court in Dotson recognize that those temporal requirements are for the benefit of the defendant furthermore in this case the court had already ruled on the objections to the PSR and and one of those objections was the career career it was contingent on waiving appeal rights and and so that offer really did not cure the prejudice in the context of this case just so I have a clear the rule of law you're urging is that you accept the consensus of circuits that say superseding doesn't require a refile but you are saying whenever there's new counsel the government has to renotice correct and your best authority for that is the best authority on that is the language in Williams that says I mean there is no case that's why I'm saying in this context it appears to be an issue of first impression with regards to the second issue it's basically our our position even even if the court were to find that notice was adequate that the life and sense enhancement was done in error because the cases were functionally consolidated and that again is an issue of first impression this court did touch on it in United States VR and held that the cases there were not consolidated because there was nothing in the record to support it in this case there's an abundance of evidence in the record first of all I put into the record the docket sheets from the prior cases and those docket sheets reflect that the visiting judge treated the I mean viewed them as related when assigning both cases to the same visiting judge that visiting judge assigned both cases for rearrangement to the same magistrate judge and then they that same visiting judge said both cases were for sentencing before that his before himself at the same time at the same place that order was in a consolidated fashion it had the same caption with both case numbers and this court in Husky sort of alluded to the fact that such an order is indicative of consolidation when it refers both matters to the same court same judge at the same time but and and the Supreme Court also in Buford looks at things being logically consolidated when they're like you know when they're viewed as logically related and and we see that here based on the treatment by the judges but we go further in this case there's one precedence report for both cases and I guess a sister circuit in Atkinson said that when one precedence report covers all the prior cases that's also evidence of functional consolidation and here we see that the probation officer merged the the two cases and came up with one guideline range so they basically took the weight from the first case and the weight of marijuana from the second case aggregate it and so they basically merged the relevant conduct to come up with one base offense level we also see that appellant or Miss Felipe Rodriguez violated bond conditions in the first case and so that led to loss of acceptance in both cases against we see this merging of facts and also it seems to me that the court for efficiency purpose decided to sentence and treat in a consolidated fashion but it doesn't change the fact that these were two separate priors five months apart intervening arrests just separate criminal convictions yeah what's the best case that says how two cases are treated ultimately modifies their separateness the Blackwood and Davis address those issues the other other circuits in a similar context have held that when actual consolidation occurs then they're immersed and become one and and that's basically what we're contending here and and also we see this merger continue with with respect to the leadership enhancement in both cases separate numbers the offenses were committed sequentially six months apart that's I mean the we have that case the consolidated order setting them for sentencing together the consolidated report and we also have a situation where in both cases they're treated as first-time offenders in the sense that in both cases he got zero criminal history point and criminal history category one also reflecting the merger and and when the actual sentence occurred I guess the visiting judge that was doing all those William Wayne justice unfortunately his health declined and he passed away and so it was reassigned to the sitting judge and the sitting judge sentence both cases on the same day use that consolidated pre-sentence report and in the transcript during the sentencing she made the comment that she you know she recognized that the cases were immersed for sentencing and that this actually benefited Luis Felipe Rodriguez because it required consolidated concurrent rather than consecutive sentence and the court in Davis also recognized that when a defendant gets a material benefit from that merger and treatment that that is a of consolidation and so Buford recognized that cases can be functionally consolidated we don't need to have a formal order and and the record here provides overwhelming evidence of how those cases were merged and we have one consolidated judgment briefly with respect to the third issue on the career offender enhancement I I realize that there's intervening arrest but the guidelines also require that the sentences be the prior convictions be treated separately and in this case based on our position that there's only one consolidated sentence that the case simply cannot meet the the separate requirements of separate convictions and so the fact that that there are intervening convictions doesn't end the inquiry the court needs to look at whether or not there's actually separate convictions and it's basically our position and again based on on our prior argument on consolidation that this actually inverse involves one one conviction and so again the career enhancement should not have been used to enhance in it's in this case thank you thank you mr. Rios may it please the court every circuit to have addressed this notice issue has held that the government need not refile at section 851 information after the indictment and appellant tries to distinguish these cases because he came on after the enhancement was filed but only one of those cases Cooper mentions having the same counsel all the way through as a supporting circumstances the other four cases do not mention having the same counsel as a as a supporting circumstance for the rule of no need for refiling there is a little the Arnold decision implies sort of logic to that though in that if what we're focused on is not being able to contest the briars instead the opportunity to plead unless we sort of back it all into ineffective assistance yeah but going into the purposes of the statute Arnold there was a defect in the notice with Arnold right he was told he was subject to only 20 to life when he was actually subject to mandatory life and so but then the court goes on and cites other circuits saying what's going what the concern behind it is then he might not have known he could plead or he should plead and here a lawyer's ignorance puts the defendant in sort of the same boat right that's the argument the argue that's the argument and that's that's what the second purpose the first purpose is taken care of right I agree that the information the second purpose is to have time to assess whether to enter a plea or to go to trial and an important circumstance here is that his first counsel Munoz is the one who served with the 851 information he's on the case for a very long time a year the case is set for trial right and he is he is withdrawn from from the case on the day of trial so all of that consideration of the possible men of the of the of the into a year of preparation he's ready mr. Rodriguez is ready to go to trial will be different pragmatically if indigent initial appearance government hands the 851 notice then right away he retains counsel still no burden on the government so there was no opportunity to plead you know that's what more happens more often right guy comes in you're asking if it's served on the defendant and not on no well on first counsel on the on the FPD that steps in for the initial appearance and then just a week later he gets new counsel and one would think counsel would always look at pacer or whatever but but I could see crafting a rule because no one wants the defendant to be ignorant for purposes of pleading out of life you could craft a rule also that the succeeding counsel has to check the docket sheet before well that's true but you probably the government doesn't really want to be conceding there's an ineffectiveness here because you end up in the same boat then well I think it's going to an ineffective assistance hearing anyway but that's exactly right that the lack of knowledge by counsel doesn't relate to defective notice it rather does the record show if anything with regard to the actual knowledge of the defendant individually that's that's mine that's exactly my next point the record shows nothing with regard to his actual knowledge of all all of these scenarios about prejudice because not knowing about the mandatory life sentence is completely speculative and he had that opportunity there's two sentence there's two marathon sentencing hearings where everything's raised the issue about what his his client knew this about what Rodriguez knew is never raised it's never raised in the district court we know nothing about that so that that's pure speculation but even you could even analyze prejudice on the basis of of the fact that yes he had Munoz right up to the first trial and didn't do anything and then secondly he had the opportunity he had the opportunity by debriefing to remove the the enhancement the district court statements that the sentencing's don't imply the district court made a conceding that the defendant had known remember in the whole colloquy it's a little unclear the court says what you knew you knew right but it's unclear to me when successor counsel and the defendant knew okay are you conceding the record doesn't reflect anything about knowledge prior to trial there's nothing about what defended me okay now if you're talking about what counsel knew I accept his assertion but your second superseding indictment on the final page is clear mandatory life right you had that final page for internal use in the super second superseding indictment yes and it says 851 mandatory life I'm just well that's the trial counsel but yes that's that that is that is the procedure that is the procedure and that's that last internal use page goes to defense counsel as well you don't know I can't tell you though I'm sorry I can't tell you but if I came in as a lawyer in this situation and it's very late in the game and I went to the clerk's office and asked to see the file what would I find in that what would I have found in that file well yeah I think you you would find everything that's been filed in the file but nowadays do you go on Pacer and you have exactly everything that's yes yeah it would all be it would all be in the file there's there's two chances to see it whether we're doing it digitally or walking down the courthouse looking at what was in that file available to a lawyer that looked at it what would I see in there that's gonna put me on notice notice itself you'd find the notice itself on which is dated April 10th buried with a bunch of other papers that you have the indictment be the indictment there'd be the notice there'd be the objections right and when they've not been filed together that's one of the problems of the digital age you don't know no that's exactly the clerk's office and see what's in file that's exactly right you're all right I would not know that does the record reflect or do we know if the accused a defendant in this case was understood English did we have to the whole process have to go through an interpreter or or was he an English-speaking defendant do we know there's no interpreter at the trial that I saw he's a United States citizen I there was and it's sentencing there's no interpreter either and he's marathon what's the government's position on when the argument being made to us was preserved below okay that that's that is very interesting point he he cites in his reply brief that pages 940 and 946 to 947 of the first sentencing hearing is where he raises it what he actually raises and this is on does not mention the indictment quote-unquote and the other pages are that the court says you should examine the record in the two prior cases for preparation of the sentencing hearing but her ruling is you have a copy of the enhancement that got filed in the record it's not lack of notice you got the notice to subsequent counsel being efficient being sufficient but nowhere is there an objection that with a superseding indictment you must refile the 851 notice that that part of it is not objected to and you can also examine once he knew about the enhancement he filed objections on October 31st and you nothing in there there's the word superseding are not in there so some spruce some is preserved some legally what's the rule you're proposing you're saying whenever actual notice was given once it's good for that prosecution no matter what happens with counsel it's good for that person but listen to me carefully actual notice meaning you filed it and predecessor counsel had it and therefore that's the end of the inquiry or is it a constructive notice that any successor counsel has to look at pacer and everything in the record is imputed to successor counsel see what I mean is the rule you want us to announce that all we do is look at actual notice once or do we say successor counsel has constructive notice of anything in the record well I think it could be either yeah I don't we don't have a rule of constructive notice and then you you're gonna it's gonna be a very interesting process when you follow these things you it's not a good enough for the government to file an information pursuant to the statute they have to go confirm that the lawyer actually got it and confirming everything everything is fine the actual notice rule protects against a habeas unraveling because it says you had one counsel that counsel got it they could have pled or not end of story constructive notice says it is important that all counsel prior to trial knew and read but therefore if he didn't look then I suppose that can all be dealt with it in whatever gets filed I'm just the rules seem slightly different to me when there's an arraignment someone's indicted their reign there go before a judge unless they waive it and they're explained their their the charges against them does that include the enhancement and what there have been in an arraignment that included a judge explaining to the defendant the enhancement it's that's very very possible the first time for the first indictment he waived for the first superseding indictment he did appear there transcript of that isn't in the record and then the second superseding indictment he waived again so it's possible and in the transcript of the arraignment of the superseding indictment it was mentioned but that's it was not true that's not part of the service on either counsel or defendant is adequate live and said that the formal requirements of filing and service of the information are easily satisfied quote-unquote like an actual notice rule the government filed the 851 before trial we don't even look at who counsel was it's in the record that's it it's anyway okay that's the second issue the statutory issue of whether his prior to drug convictions qualified as felony drug offenses in bar the court determined that the test for when separate convictions are a single act of criminality as well when they occur simultaneously as opposed to sequentially and bar there were two sales of crack cocaine to the same person on consecutive days but these sequential crimes constituted one offense under bar actually they're not five months apart the first offense occurred on June 17 2004 trying to cross the border with 40 kilograms of marijuana in a hidden compartment the other the conspiracy is November 30th 2005 so it's it's a year and 11 months later for the for the crimes and the conspiracy indictment the conspiracy begins on November 30th 2005 at the second sentencing hearing mr. Rodriguez tried to argue well they were it's the first one was kind of part of the same conspiracy by the same supplier but the district court judge as a matter of credibility said that she did not believe that and when he debriefed on both of those first two he never said that they came from the same supplier yes sir the statutory language is that before trial or before entry of a plea the attorney but file information with the court and serves a copy of such information on the person or counsel for the person now was that notice served upon the fire counsel yes according to the certificate of service and then it's a setting in writing the previous conviction to be relied upon they so that the statute doesn't speak to the circumstances of a lawyer coming in correct so what do we do with that the only time constraint in the entire and the entire statute is that the notice has to occur before trial that's that's the only that's the only time constraint within that is you have to or on counsel and you say it's undisputed that the prior lawyer knew it so the only circumstance that the only arguably non-compliance with the statute is the circumstance here that there was a very late withdrawal of counsel and substitution of new counsel that's what the argument is yes after that withdrawal of course the trial didn't go forward how much time lapsed before any other hearings were held back before the district court how much time elapsed after you're there on the eve of trial the lawyer withdrawals right then at that point you the statute had been complied with according to the record how much time went by before new counsel and appeared and before in the case I'm not sure your honor he was it was appointed two days after other counts withdraw withdrew and then new scheduling orders went into effect and then the trial occurred approximately seven months later after that and then when was the when was the want of notice first raised by the at the second sentencing hearing well no that's not correct it's at the first sentencing hearing that's seven months after the original trial date it's a fairly long time I after I can't tell you how many months it was afterwards but it's months yes it's months later if there's no more questions back on the first issue on the second issue these offenses occurred sequentially a year and five months apart the argument is functional consolidation but functional consolidation is a concept that's used with regard to the career offender guideline it's not used in the 841 B1 a constant context it's not used in the statutory context Davis is a guideline case the Supreme Court case is a guideline case even in or the court rejected that it was as a factual matter that it had been consolidated but the analysis was was according to bar he can't he can't meet the test of being a single act of criminality and then the third issue the career offender of course the career offender doesn't matter if he statutorily has a mandatory life sentence the career offender doesn't matter if he loses on the on the gun challenge and the relevant conduct challenge because with the career offender you get boosted to 37 and he was already at 40 but the career offender you get boosted to criminal history category 6 he was criminal has to grow three but a 43 is 360 the life and a 46 is 360 to life attention to the second sentencing hearing yes sir the district court heard argument on the application of the enhancement the then as I understand it Rodriguez's counsel again objected and he said quote we were not provided proper notice of the enhancement but it continues due to the mischaracterization of the offense conviction right I'm just reading an excerpt from the record itself but it appears to say that that can see that they have notice it's just talking about the adequacy of it or the arguing equivalent with a particular formulation of it itself but it was an engagement by counsel of the of the actual notice itself so it would appear at that point to be undisputed that the defendant had actually defendants counsel then had actual notice of the of the foul enhancement is that correct right that's correct but you know he's his argument is that that is argument yeah if you want to make it again for no no no sir the relevant conduct that was for conduct that he was acquitted of by the jury yes judge just said but yeah yes but that was there was a lot of testimony about that and a lot in the PSR about that and he was using the same courier that he used for all the cocaine transactions the same truck is used the methamphetamine is his methamphetamine so yes even though he was acquitted of that it was it was it was part of it and I guess with addressing the court's question about the objection I guess when when the government moved to enhance at the first sentence in hearing I objected you there's no notice that nothing in the PSR nothing and at that juncture the court did say you've got notice I I hadn't seen it and the color we get it like I said continued and the court recognized that notice had been given to prior counsel and the court gave us the opportunity then to confront the issue that's when I investigated and filed my October sentencing memorandum and in footnote in that memorandum I also objected to the notice again because it was referring to the first conviction as involving 1,000 kilograms of marijuana when it actually involved 50 so there is that objection also there and I looked at that that's the sealed opposition you file correct but did you in it say other than saying the priors aren't qualifying did you say and superseding new counsel can't ever work did you ever make that argument is in a footnote I referred to to the deficiency in the notice on the ground that it couldn't have been sufficient because you came in on well also on the ground that that it involved 1,000 kilo right yeah and and and and then I guess when we were at that hearing the court was limiting the proceedings to just the issue on the notice and and the challenge to the convictions and and so the focus of that memorandum is on the actual attack on on the convictions because they were consolidated based on on the direction given by the court and interestingly during that discussion the court noted that one of the things that would be relevant to her to see if there was a merger is if the relevant conduct from one case was used in the other case and and as I alluded to earlier in my argument you know there's a merged prisoners report that basically connects or merges the relevant conduct from both cases to come up with one guideline calculation and and and the court you know again at the at the conclusion of the hearing notice how that benefited the defendant which is what courts look I mean other than than procedural deficiency is there some type of beneficial right that is bestowed on the defendant by that treatment and the court there recognized that he benefited in in the sense that it required her to sentence him concurrently concurrently rather than consecutive and so the actual sentence that he served is the 72-month sentence that was imposed in the second case and and obviously she couldn't impose both the same sentence in both cases because of the statutory maximum in the first case based on the wait it was the 60 months that she imposed it in in terms of the meth in in in in even even the defendant that testified about the meth speaks about how he and delivered delivered it to Dennis Chapman who is the person buying the merchandise at his barbershop in Waco and he would then meet with Rodriguez give him a portion of what he was paid to deliver and then the proceeds were returned to the supplier of the drugs in Mexico in in in this case I mean it sounds incredible he he says that he took it to that same Dennis Chapman but Dennis Chapman instead of being delivered at the barbershop came to San Antonio and he kept all the proceeds 66,000 he kept it nothing was returned to the supplier and Rodriguez didn't ask for for a cut and and then and then he he says that there's a stuff left over in the hidden compartment and he's selling it so I mean all that just indicates to me that he was acting on his own and and the jury so found so the evidence doesn't preponderate and it's not part of the relevant conduct. Thank you Mr. Virajas we appreciate your